**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| NICOLE E. CHILDRESS, | DOCKET NUMBER |
| Appellant, | CH-0752-14-0190-I-1 |
| v. | |
| DEPARTMENT OF THE TREASURY, | DATE: April 19, 2016 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

Nicole E. Childress, Florissant, Missouri, pro se.

Diana R. Stallard, Esquire, Dallas, Texas, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**REMAND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which sustained her removal. For the reasons discussed below, we AFFIRM the administrative judge's finding that the agency established the charge by preponderant evidence based on the appellant's stipulation to the charged misconduct, VACATE the administrative judge's findings as to nexus and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

penalty, GRANT the appellant's petition for review, and REMAND the case to the regional office for further adjudication in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The agency removed the appellant from the GS-8 seasonal position of Contract Representative with the Internal Revenue Service (IRS) based on the charge of receiving Government funds to which she was not entitled. Initial Appeal File (IAF), Tab 5, Subtabs 4b, 4e. The agency specified that, during 6 separate weeks in 2009, 2010, and 2011, the appellant received unemployment benefits to which she was not entitled because of her earnings from the IRS.[2] *Id*., Subtab 4e. The appellant appealed the agency's action and, during the course of proceedings below, alleged a number of affirmative defenses. IAF, Tabs 1, 27.

¶3 The administrative judge found that the agency proved the charged misconduct and that the appellant failed to prove her affirmative defense. IAF, Tab 33, Initial Decision (ID) at 3-6, 12-13. Regarding the latter, the administrative judge found that, contrary to the appellant's assertion, the notice of proposed removal was in compliance with the Internal Revenue Manual (IRM). ID at 13. The administrative judge also found that the agency established nexus between the proven misconduct and the efficiency of the service and that the removal penalty was within the bounds of reasonableness. ID at 6-12.

¶4 In her petition for review, the appellant contends that the administrative judge erred in her findings regarding nexus and penalty. As explained below, given the necessity of further adjudication of the appellant's affirmative defenses, it is premature for the Board to consider whether there is nexus between the appellant's misconduct and the efficiency of the service, and whether the removal penalty may be imposed. *See Hall v. Department of Transportation*, 119 M.S.P.R. 180, ¶ 8 (2013).

---

[2] During Board proceedings, the agency withdrew one of the specifications. IAF, Tab 26 at 13 n.2.

¶5    In her prehearing submissions, the appellant, acting pro se, raised the affirmative defenses of harmful procedural error, unlawful discrimination, potential due process violations, and that the agency action was "not in accordance with law." IAF, Tab 27 at 8-9. As to harmful procedural error, she claimed that the agency violated the collective bargaining agreement and, as noted above, the IRM when it removed her. *Id*. After holding the prehearing conference, the administrative judge issued an order and summary stating that the appellant claimed only one affirmative defense: that the agency committed harmful procedural error by violating the IRM when it removed her. IAF, Tab 28 at 2. The administrative judge further stated that the "appellant did not claim any other forms of discrimination nor did she raise any other affirmative defense." *Id*. The administrative judge instructed that any disagreement with her order and summary must be raised no later than at the outset of the hearing, scheduled 10 days from the date of the order and summary. *Id*. at 4.

¶6    The following day, the appellant submitted a pleading in which she disagreed with the administrative judge's summary, claiming, among other things, that she raised a claim of discrimination and reiterating that her removal violated the collective bargaining agreement, that the agency relied on information not included in the proposal notice, and that her removal was predetermined. IAF, Tab 29 at 4-5. In addition, the hearing transcript shows that the appellant raised her objections prior to the start of the hearing, although the discussion was off the record and later summarized by the administrative judge. Hearing Transcript at 3-4. Despite the appellant's objections to the administrative judge's characterization of the issues, the administrative judge did not consider an affirmative defense other than harmful procedural error based on an alleged violation of the IRM.

¶7    As noted, the administrative judge issued an initial decision that affirmed the removal and found that the appellant failed to establish her harmful procedural error claim. In the initial decision, the administrative judge noted

that, although the appellant objected to her prehearing conference summary and order concerning her affirmative defenses prior to the hearing, she did not intend to raise the appellant's legal arguments in that order and summary.  ID at 3 n.3.

¶8        Under these circumstances, we find that the administrative judge should have provided notice to the appellant of the relevant burdens and elements of proof on her discrimination, "not in accordance with law," and due process claims.  *See Wynn v. U.S. Postal Service*, 115 M.S.P.R. 146, ¶ 10 (2010).  The administrative judge should have allowed for the development of the record below on these claims and the appellant's harmful procedural error claim concerning the collective bargaining agreement.  Therefore, the case needs to be remanded for the development of the record on the appellant's affirmative defenses.

¶9        On remand, the administrative judge shall apprise the parties of the applicable burdens and elements of proof on the appellant's affirmative defenses and provide for the development of the record on these claims, including a hearing on the claims, if requested.  Should the appellant determine that she wishes to withdraw any of her defenses after being apprised of the applicable burdens and elements of proof, the administrative judge must, at a minimum, identify the affirmative defense(s), explain that the Board will no longer consider it or them when deciding the appeal, and then give the appellant an opportunity to object to the withdrawal.  *Wynn*, 115 M.S.P.R. 146, ¶ 10.

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.